IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DEANNA L. SHAWBAKER,

                    Plaintiff,

vs.                                              Case No. 15-9139-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


## MEMORANDUM AND ORDER

In May 2012, plaintiff filed applications for social security disability insurance benefits and supplemental security income benefits. These applications alleged a disability onset date of May 10, 2012. On November 4, 2013, a hearing was conducted upon plaintiff's applications. The administrative law judge (ALJ) considered the evidence and decided on December 20, 2013 that plaintiff was not qualified to receive benefits. This decision has been adopted by defendant. This case is now before the court upon plaintiff's request to reverse and remand the decision to deny plaintiff's applications for benefits. Plaintiff argues that the ALJ did not properly evaluate and explicate plaintiff's residual functional capacity.

I.  STANDARD OF REVIEW

To qualify for disability benefits, a claimant must establish that he or she was "disabled" under the Social Security Act, 42 U.S.C. § 423(a)(1)(E), during the time when the claimant had "insured status" under the Social Security program. See Potter v. Secretary of Health & Human Services, 905 F.2d 1346, 1347 (10th Cir. 1990); 20 C.F.R. §§ 404.130, 404.131.  To be "disabled" means that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

For supplemental security income claims, a claimant becomes eligible in the first month where he or she is both disabled and has an application on file.  20 C.F.R. §§ 416.202-03, 416.330, 416.335.

The court must affirm the ALJ's decision if it is supported by substantial evidence and if the ALJ applied the proper legal standards.  Vigil v. Colvin, 805 F.3d 1199, 1201 (10th Cir. 2015).  "Substantial evidence" is "more than a mere scintilla;" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mays v. Colvin, 739 F.3d 569, 574 (10th Cir. 2014)(quoting Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994)(internal quotation marks omitted)).  The

court must examine the record as a whole, including whatever in the record fairly detracts from the weight of the defendant's decision, and on that basis decide if substantial evidence supports the defendant's decision. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994) (quoting <u>Casias v. Secretary of Health & Human Services</u>, 933 F.2d 799, 800-01 (10th Cir. 1991)). The court may not reverse the defendant's choice between two reasonable but conflicting views, even if the court would have made a different choice if the matter were referred to the court de novo. <u>Lax v. Astrue</u>, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting <u>Zoltanski v. F.A.A.</u>, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II.  THE ALJ'S DECISION (Tr. 16-31).

There is a five-step evaluation process followed in these cases which is described in the ALJ's decision. (Tr. 17-18). First, it is determined whether the claimant is engaging in substantial gainful activity. Second, the ALJ decides whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments which are "severe." At step three, the ALJ decides whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Next, the ALJ determines the claimant's residual functional capacity and then decides whether the claimant has

the residual functional capacity to perform the requirements of his or her past relevant work. Finally, at the last step of the sequential evaluation process, the ALJ determines whether the claimant is able to do any other work considering his or her residual functional capacity, age, education and work experience.

In steps one through four the burden is on the claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006). At step five, the burden shifts to the Commissioner to show that there are jobs in the economy with the claimant's residual functional capacity. Id. In this case, the ALJ decided plaintiff's application should be denied at the fifth step of the evaluation process.

The ALJ made the following specific findings in her decision. First, plaintiff meets the insured status requirements for Social Security benefits through December 31, 2016. Second, plaintiff has not engaged in substantial gainful activity since May 10, 2012, the alleged onset date of disability. Third, plaintiff has the following severe impairments: mild degenerative disc disease; status post right clavicle strain/sprain; posttraumatic stress disorder; and depressive disorder. Fourth, plaintiff does not have an impairment or combination of impairments that meet or medically

equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ reached this decision even though she found that plaintiff had moderate difficulties in social function and moderate difficulties in concentration, persistence or pace. Fifth, plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except that plaintiff must alternate between sitting and standing every 30 minutes.  Also, according to the ALJ, plaintiff:  is unable to reach overhead with her right upper extremity; should avoid work hazards such as moving machinery and unprotected heights; should be limited to simple, routine and repetitive tasks consistent with unskilled work; and is precluded from production-rate job tasks, but could tolerate a low-stress work environment with only occasional interaction with co-workers and the public.  Finally, the ALJ determined that, although plaintiff cannot perform any past jobs she once was capable of doing, she could perform such jobs as stuffer, document preparer, and pharmaceutical processor.  The ALJ further found that these jobs exist in significant numbers in the national and state economy.

III. THE ALJ'S DECISION HAS SUBSTANTIAL SUPPORT AND IS CAPABLE OF MEANINGFUL REVIEW.

Plaintiff's first argument for remand is that the ALJ's RFC and Step 5 findings lack substantial support and are incapable

of meaningful review because the ALJ gave little or no weight to every medical opinion regarding plaintiff's physical functional limitations.  Along with this somewhat general attack, plaintiff advances two more specific claims:  1) that the ALJ did not properly consider plaintiff's abdominal and/or flank pain; and 2) that the ALJ did not properly consider plaintiff's limitations in the use of her fingers and hands.

The ALJ produced a rather detailed discussion of the record.  This included a lengthy analysis of the records and opinions of Dr. Douglas Knox, plaintiff's treating physician.  The ALJ gave Dr. Knox's opinions no weight.  Plaintiff concedes that the ALJ thoroughly considered Dr. Knox's opinions and does not dispute that the ALJ's analysis complied with the rules governing this case.  The ALJ's decision also addressed plaintiff's complaints of abdominal pain and physical examinations of plaintiff's abdominal area.  (Tr. 19). Plaintiff attributed the pain to abdominal adhesions from surgery following a severe car accident in 1998. (Tr. 48).  The ALJ noted, however, that the abdominal pain did not preclude plaintiff from working several years.[1]  The ALJ also remarked that physical examinations of the abdominal area were within normal limits and that another possible cause of abdominal or flank pain (i.e., a kidney infection) had been resolved.  This

---

[1] Plaintiff last worked in September 2011. (Tr. 267).

substantially supports the ALJ's decision to not place specific limitations upon plaintiff's RFC to accommodate plaintiff's abdominal pain.

The ALJ stated that she considered the entire record and all of plaintiff's symptoms. (Tr. 21, 22). The court accepts this as true even as to plaintiff's fingers and hands, although this aspect of plaintiff's functioning was only briefly mentioned in the ALJ's decision. See Flaherty v. Astrue, 515 F.3d 1067, 1071 (10th Cir. 2007). Plaintiff's alleged limitations in using her fingers and hands are documented primarily in Dr. Knox's reports which, as already noted, were carefully considered by the ALJ and given no weight. Further, as defendant and the ALJ (at Tr. 25) have noted, a function report completed by plaintiff stated that her illness, injuries or conditions did not affect the use of her hands. (Tr. 343). Under these circumstances, the court finds no error in the ALJ's findings and consideration of the record regarding plaintiff's use of her fingers and hands.

The court further rejects plaintiff's argument that the ALJ's RFC and Step 5 findings lack substantial support because plaintiff did not give credit to any medical opinion as to plaintiff's physical RFC. The cases cited by plaintiff which have reversed and remanded the denial of benefits are distinguishable. See Sowers v. Astrue, 2012 WL 5412299 (D.Kan.

11/6/2012) motion to amend denied by 2013 WL 172866 (D.Kan. 1/16/2013); <u>Allen v. Astrue</u>, 2010 WL 2925169 (D.Kan. 7/21/2010).[2] The critical difference is that, in <u>Sowers</u> and <u>Allen</u>, there was inadequate support for the ALJ's RFC findings. Neither decision held that in <u>every</u> case where medical source statements as to RFC are rejected, the ALJ's opinion should be reversed because it lacks substantial support or cannot be meaningfully reviewed. Here, the ALJ cited evidence from a consultative examiner, Dr. Michael Schicker, and from plaintiff's own statements to support her physical RFC findings.[3] This is substantial evidence.

IV. THE ALJ DID NOT ERR IN FORMULATING PLAINTIFF'S MENTAL RFC.

Next, plaintiff argues that "[t]he ALJ erred, at Step 5 of the analysis in limiting [p]laintiff's RFC to 'simple, routine,

_____

[2] Plaintiff also cites: <u>Williams v. Colvin</u>, 2015 WL 708547 (D.Colo. 2/17/2015); <u>Coleman v. Astrue</u>, 523 F.Supp.2d 1264 (D.Kan. 2007); <u>Nguyen v. Chater</u>, 172 F.3d 31, 35 (1st Cir. 1999); and <u>Gordils v. Secretary of Health & Human Servs.</u>, 921 F.2d 327, 329 (1st Cir. 1990). The <u>Williams</u> decision has been amended and superseded with a written order which does not appear to support plaintiff's argument. <u>Coleman</u> is distinguishable because the ALJ did not completely discount all the medical opinions regarding the claimant's RFC. Some were given "appropriate weight." The court still determined that the RFC calculation was not supported by substantial evidence at least as explained by the ALJ. In <u>Nguyen</u> and <u>Gordils</u>, the courts discuss the ALJs' ability to construe the medical record, including raw medical data. The fact situation in <u>Nguyen</u> is distinguishable because substantial evidence did not support the ALJ's RFC conclusion. In <u>Gordils</u>, substantial evidence did support the ALJ's RFC findings and the claimant's argument was rejected, as in the case at bar.
[3] Dr. Schicker reported that plaintiff could sit, walk and stand for 60 minutes. (Tr. 530). Plaintiff had 60 pounds grip strength in the right hand, 70 pounds in the left. (Tr. 531). Dexterity was preserved. <u>Id.</u> Range of motion of plaintiff's joints was normal, except for some back pain, right shoulder pain, and right hip pain. (Tr. 531-32). Plaintiff's motor and sensory functions were intact. (Tr. 532). Plaintiff had no difficulty with orthopedic maneuvers. <u>Id.</u> In a function report, plaintiff recorded that she can handle her personal care, make her meals, do household chores, and shop for groceries and everyday items. (Tr. 339-41).

and repetitive tasks' despite moderate limitations in concentration, persistence or pace." Doc. No. 11, p. 19. This argument contends that the <u>mental</u> impairments found by the ALJ were not expressed in the RFC she formulated and used to question the vocational expert.   To decide this argument, it is important to recall the ALJ's findings and the findings of the psychological consultant relied upon by the ALJ.

The ALJ found that plaintiff would be limited to simple, routine and repetitive tasks consistent with unskilled work and that she would be precluded from production-rate job tasks, but could tolerate a low-stress work environment and only occasional interaction with co-workers and the public.  (Tr. 21).

The psychological consultant's opinion, upon which the ALJ relied, found generally that plaintiff had:

> a mild restriction of activities of daily living, moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence or pace.

(Tr. 132).   More specifically, the consultant found that plaintiff did <u>not</u> have understanding and memory limitations. (Tr. 136).   He further determined that plaintiff was <u>not</u> <u>significantly</u> <u>limited</u> in the following abilities:

> to carry out very short and simple instructions;
>
> to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;

9

to sustain an ordinary routine without special
supervision;

to work in coordination with or in proximity to others
without being distracted by them;

to make simple work-related decisions;

to complete a normal workday and workweek without
interruptions from psychologically based symptoms and
to perform at a consistent pace without an
unreasonable number and length of rest periods;

to ask simple questions or request assistance;

to accept instructions and respond appropriately to
criticism from supervisors;

to get along with coworkers or peers without
distracting them or exhibiting behavioral extremes;

and to maintain socially appropriate behavior and to
adhere to basic standards of neatness and cleanliness.

(Tr. 136-37). He decided that plaintiff was <u>moderately limited</u>

in the following abilities:

to carry out detailed instructions;

to maintain attention and concentration for extended
periods;

and to interact appropriately with the general public.

<u>Id.</u> The consultant also remarked that plaintiff had the ability

to work in jobs that require minimal interaction with the

general public. (Tr. 137).

Plaintiff relies upon <u>Jaramillo v. Colvin</u>, 576 Fed.Appx.

870 (10th Cir. 2014) to argue that a remand is required because

the ALJ's RFC findings did not reflect the plaintiff's mental

10

impairments.    In    <u>Jaramillo</u>,   a   psychiatrist   found   that   the
claimant was <u>moderately limited</u> in his ability to: 1) carry out
instructions;  2)  attend  and  concentrate;  and  3)  work  without
supervision.    The   Tenth   Circuit   found   that   these   moderate
limitations   were   not   accurately   reflected   in   the   ALJ's
description  that  the  claimant  was  confined  to  simple,  routine,
repetitive and unskilled tasks.  <u>Id.</u> at 876.

This  case  is  distinguishable  from  the  facts  of  <u>Jaramillo</u>
because  the  consultant  upon  whom  the  ALJ  relied  found  that
plaintiff  was  less  impaired  than  the  claimant  in  <u>Jaramillo</u>.
Plaintiff  was  considered  moderately  limited  in  her  ability  to
carry  out  <u>detailed</u>  instructions,  not  all  instructions.
Plaintiff   was   considered   moderately   limited   in   maintaining
attention  and  concentration  <u>for  extended  periods</u>,  not  in  her
ability  to  attend  and  concentrate  for  any  period.    And,
plaintiff  was  determined  to  be  moderately  limited  in  her  ability
to   interact   appropriately   with   the   general   public,   not
moderately  limited  in  her  ability  to  work  without  supervision.
Plaintiff  was  also  viewed  as  competent  to  work  in  jobs  requiring
minimal  interaction  with  the  general  public.

Furthermore,  in  <u>Jaramillo</u>,  the  court  held  that  a  reference
to  "unskilled  work"  may  be  construed  to  incorporate  the  mental
functions   associated   with   unskilled   work,   which   are   "the
abilities  (on  a  sustained  basis)  to  understand,  carry  out,  and

remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." Id. at 875 (quoting SSR-85-15, 1985 WL 56857, at *4 (1985)). Thus, the ALJ's reference to unskilled work may be considered as incorporating plaintiff's abilities to understand, carry out, and remember short and simple instructions on a sustained basis.

In conclusion, the ALJ's description of plaintiff's RFC -- i.e., that plaintiff would be limited to simple, routine and repetitive tasks consistent with unskilled work and that she would be precluded from production-rate job tasks but could tolerate a low-stress work environment and only occasional interaction with co-workers and the public -- sufficiently expresses plaintiff's moderate limitations in carrying out detailed instructions, maintaining attention and concentration for extended periods, and interacting with the general public.[4] Therefore, the result in Jaramillo, does not require a remand of this case. See Adkins v. Colvin, 2015 WL 4324564 *10 (D.Colo. 7/16/2015)(unskilled work limitation adequately expresses similar mental restrictions); see also, Vigil, 805 F.3d at 1203-

---

[4] The court also agrees with defendant that the ALJ's Step 3 finding of moderate limitations in maintaining concentration, persistence or pace is not required to be incorporated in the ALJ's RFC findings because more detailed findings were considered and incorporated in the ALJ's Step 4 analysis. See Bales v. Colvin, 576 Fed.Appx. 792, 797-98 (10th Cir. 2014); see also, Harrison v. Colvin, 2015 WL 5730611 *13-14 (D.Kan. 9/30/2015).

04 (unskilled work limitation adequately accounts for moderate limitations in concentration, persistence and pace where there was a specific finding that the claimant had enough memory and concentration to perform simple tasks).

V. CONCLUSION

After careful review, the court affirms defendant's decision to deny plaintiff's applications for benefits.

**IT IS SO ORDERED.**

Dated this 27th day of May, 2016, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge